891 F.2d 292
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Victoria Mitchell ROBERTS, Plaintiff-Appellant,
v.
MALONE & HYDE, INC., Defendant-Appellee.
 No. 89-5334.
 United States Court of Appeals, Sixth Circuit.
 Dec. 6, 1989.
 
 Before KRUPANSKY and RYAN, Circuit Judges, and JAMES P. CHURCHILL, Chief District Judge*.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Victoria Mitchell Roberts appealed from the district court's entry of summary judgment for defendant-appellee Malone & Hyde, Inc. (Malone & Hyde), in this diversity malicious prosecution action, pursuant to Kentucky law.
 
 
 2
 Malone & Hyde, Inc. is the owner of Sureway Stores, including two stores in Kentucky where a woman identifying herself as Tina Hearn cashed forged payroll checks drawn on the account of Warren Discount Carpets in Paducah, Kentucky with the purported signature of John Warren. The woman presented one check to a clerk in each store, each check identically dated April 27, 1983, sequentially numbered (2152 and 2153), and each drawn for $239.60. The woman endorsed the checks in the name of Tina Hearn and identified herself with a Tennessee driver's license which had no photograph. The bank dishonored both checks. Joanna Nanney, an employee at Sureway Store # 15, and Chris Holmes, an employee at Sureway Store # 17, who respectively cashed the two checks, testified that the woman who presented each of the checks had a dark complexion and both Nanney and Holmes identified Roberts from a single photograph shown them by the police. After Nanney's and Holmes's identification, Holmes signed a complaint against Roberts. The identification evidence was suppressed because the trial court concluded that the identification procedure was overly suggestive. As a result of the court's evidentiary ruling, the prosecutor moved to dismiss the criminal charges and the court dismissed the action with prejudice. Thereafter, Roberts filed an action for malicious prosecution and false arrest against Malone & Hyde invoking diversity jurisdiction since Roberts was a citizen of Mexico residing in Kentucky and Malone & Hyde was incorporated and maintained its principal place of business in Tennessee. The action for false arrest was dismissed by the district court and was not appealed.
 
 
 3
 By agreement of the parties, the district court ordered the case assigned to the United States Magistrate for further proceedings. The magistrate granted defendant's motion for summary judgment concluding that Roberts had failed to demonstrate any malice or lack of probable cause on the part of Malone & Hyde, both essential elements under Kentucky's law of malicious prosecution. Roberts appealed.
 
 
 4
 Having reviewed appellant's assignments of error, the record in its entirety, the briefs of the parties, and the arguments of counsel, this court concludes that the magistrate's disposition was in accordance with the law. Accordingly, the magistrate's disposition is AFFIRMED for the reasons stated in the magistrate's opinion of October 18, 1988.
 
 
 
 *
 Hon. James P. Churchill, Chief United States District Judge for the Eastern District of Michigan, sitting by designation